(No. 80-CC-2066—)

PETE TOPNES, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed May 6, 1981.*

PETE TOPNES, *pro se*, for Claimant.

TYRONE C. FAHNER, Attorney General (WILLIAM P. KING, JR., Assistant Attorney General, of counsel), for Respondent.

ROE, C. J.

This is an action brought by Claimant, Pete Topnes, pursuant to the provisions of Ill. Rev. Stat., ch. 15, pars. 210.10, 210.16, to recover $150.00, being the amount of a State warrant issued to him but never received by him.

The pertinent statutory sections are the following:

"10.10 (a) If any comptroller's warrant is lost, mislaid or destroyed, or becomes void after issuance, so that it cannot be presented for payment by the person entitled thereto, the comptroller, *at any time before that warrant is paid by the State Treasurer*, but within one year of the date of issuance, may issue a replacement warrant to the person entitled thereto." Emphasis supplied.

"10.16 If the comptroller refuses to draw and issue a replacement warrant under Section 10.10 ° ° ° persons who would be entitled under Section 10.10 to request a replacement warrant may file an action in the Court for the payment of the sum indicated due on the warrant ° ° °"

The facts developed at the hearing of this cause are as follows:

On November 2, 1977, Warrant Ab7708104 was issued to Claimant in the amount of $150.96. The check represented a senior citizen grant. Claimant never got the check. At an unspecified date in 1977, however, the check was deposited in an account at the North Com-

munity State Bank in Chicago, Illinois, with endorsement: "Pete Topnes North Ave apt good for deposit only."

Mr. Topnes lives in an apartment building at 2659 West North Avenue, Chicago, Illinois. The tenants pick up their mail in a store located on the first floor of the building and operated by someone connected with the management of the building.

Mr. Topnes never has done business with the North Community State Bank, and testified additionally that he did not authorize anyone to deposit his check in an account at the North Community State Bank. The record does not show the owner of the account in which the check was deposited. From the wording of the endorsement a reasonable "conjecture" would be that someone signed Mr. Topnes' name and deposited the check in an account set up for the apartment building, possibly for the deposit of rents.

However, how the check happened to be deposited in someone else's bank account without Claimant's authorization is irrelevant.

The statute makes clear that the Comptroller can issue a new warrant only if the original warrant has not been paid by the State Treasurer. Further, the Comptroller, "before issuing the replacement warrant, shall issue a stop payment order on the State Treasurer and receive a confirmation of the stop payment order on the original warrant from the State Treasurer." Ill. Rev. Stat., ch. 15, par. 210.10. The warrant was long since paid by the State Treasurer when Mr. Topnes filed his claim with the Court of Claims on May 20, 1980.

It is apparent from looking at Claimant's exhibits 4, 5, and 6 that the signature "Pete Topnes" on exhibit 4 was written by someone other than Claimant. If that person signed Claimant's name and then beneath it added his

own identifying endorsement "North Ave apt good for deposit only" so that the check could be deposited in that person's account — all without Mr. Topnes' knowledge or consent — then Mr. Topnes' cause of action is against that person, or possibly the North Community State Bank. But the State of Illinois is in no way responsible for this state of affairs.

Under the foregoing circumstances this-Court must, and hereby does, deny this claim.